UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ROMEL LEE DAVISHUSSUNG,

        Plaintiff,                    Case No. 2:14-cv-254

v.                                        Honorable Gordon J. Quist

C. DAVIS et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Johnson, Gobler, Bush, Miller, Greenleaf, Watson, Wilkins, Bennett, Woods, Isard, Horton, McLean, and Thompson. The Court will serve the complaint against Defendants Greeley, MacDonald and Davis.

**Discussion**

    I.        Factual allegations

Plaintiff Romel Lee Davishussung is incarcerated with the Michigan Department of Corrections (MDOC) at Alger Correctional Facility (LMF), though the events giving rise to the complaint occurred while he was housed at Chippewa Correctional Facility (URF). Defendants are MDOC employees located at URF: Officers C. Davis, R. Greeley, (unknown) Johnson, (unknown) Gobler, (unknown) Bush, and T. Miller; Assistant Resident Unit Supervisor (ARUS) D. MacDonald; Resident Unit Manager (RUM) S. Thompson; Officer / Yard Crew Worker (unknown) Greenleaf; Sergeant (unknown) Bennett; Lieutenants (unknown) Watson and (unknown) Wilkins; Grievance Coordinator M. McClean; Deputy Wardens D. Isard and C. Horton; and Warden J. Woods.

On September 15, 2014, as Officer Greeley was conducting "minor court" with Plaintiff, he became "hostile" because Plaintiff had been found not guilty of several misconducts in the past due to the fact that prison officials misused or lacked knowledge of applicable MDOC policies and administrative rules. Plaintiff contends that Greeley told him, "You['re] not going to beat this . . . ticket, just leave and get away from my desk[.] [W]alk . . . off now . . . !" (Compl., docket #1, Page ID#6 (expletives omitted).) As Plaintiff walked away, Greeley stated, "[You're] gonna do your toplock now and lose the rest of your tickets smart ass." (*Id.*) Greeley then held a hearing on the misconduct ticket without Plaintiff present.

Plaintiff went to speak with ARUS MacDonald to resolve the issue. MacDonald stated, "Listen, you don't dictate [anything] or who conducts your hearings[.] If you keep coming to my office for these tickets or any reason, I'mma [sic] send your black ass to the Eastside! Now get out of my office." (*Id.* (expletive omitted).) After serving five days in "toplock" Plaintiff appealed the conviction and was granted a re-hearing. (*Id.*) Plaintiff went to ARUS MacDonald to

inform him of the results of the appeal, and MacDonald stated, "I don't care, I'm just going to have Ms. Davis re-hear you and find you guilty again." (*Id.*) Officer Davis conducted another hearing and found Plaintiff guilty. Davis punished Plaintiff with a new sanction of four days in toplock, even though Plaintiff had already spent time in toplock for the same conviction.

Plaintiff allegedly spoke with Lt. Watson, Lt. Wilkins, and Sgt. Bennett about what happened to him, and they stated that "they don't care or give a rat's ass." (*Id.*) Plaintiff also filed a kite and grievances regarding "continuous harassment, [r]etaliation and discrimination" to Grievance Coordinator McLean, Deputy Wardens Isard and Horton, and Warden Woods. Apparently, they did not respond or take corrective action.

Plaintiff claims that he was "humiliated, degraded, belittled, harrassed [sic], and punished daily." (*Id.* at Page ID#7.) He was denied an investigation and was told by RUM Thompson that "their [sic] only going to fix [his] sanctions on the computer, so it would show that [he] didn't serve toplock." (*Id.*) Plaintiff then "wrote a Declaratory Relief" and asked ARUS MacDonald to send it out via expedited legal mail. (*Id.*) MacDonald asked him what it was and began to read it. He then stated, "Mother . . . you'll be gone for trying to pull this bull . . . !" (*Id.* (expletives omitted)) One week later, Plaintiff was transferred to Kinross Correctional Facility (KCF). Eight days after he was transferred to KCF, he was stabbed thirteen times. He was then held in temporary segregation for eleven days and then transferred to LMF.

Based on the foregoing, Plaintiff claims that Defendants were engaged in "unified staff [c]orruption and [r]etaliation." (*Id.*) As relief, Plaintiff seeks damages, transfer to another prison facility, and an injunction prohibiting the MDOC from deducting funds from any money awarded to him in this action.

II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal

rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Insufficient allegations

Plaintiff does not make any allegations about Officers Johnson, Gobler, Bush, Miller, and Greenleaf. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). In short, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Because the complaint fails to even mention Defendants Johnson, Gobler, Bush, Miller, and Greenleaf they will be dismissed for failure to state a claim.

### B. Supervisory Liability

Plaintiff's only allegation against Defendants Watson, Wilkins and Bennett is that they were informed of the actions of other officers after the fact, but they did nothing about it. Similarly, Plaintiff's only allegation against Defendants Woods, Isard, Horton, and McLean is that they received written complaints from Plaintiff about other officers, through grievances or kites, and failed to act on them. In addition, Plaintiff's only allegation against RUM Thompson is that Plaintiff was denied an investigation and Thompson told him that prison officials were only going to "fix" Plaintiff's sanctions "on the computer." (Compl., Page ID#7.)

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Watson, Wilkins, Bennett, Woods, Isard, Horton, McLean, or Thompson engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### C.  Defendants Davis, Greeley, MacDonald

At this stage of the proceedings, the Court finds that Plaintiff states a plausible retaliation claim against Defendants Davis, Greeley and MacDonald.

### **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Johnson, Gobler, Bush, Miller, Greenleaf, Watson, Wilkins, Bennett, Woods, Isard, Horton, McLean, and Thompson will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants Davis, Greeley and MacDonald.

An Order consistent with this Opinion will be entered.


Dated:  March 23, 2015                                          /s/ Gordon J. Quist            
                                                          GORDON J. QUIST
                                                     UNITED STATES DISTRICT JUDGE