UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROMEL DAVIS-HUSSUNG,

        Plaintiff,                              Case No. 2:14-CV-254

v.                                             Hon. Gordon J. Quist

CARLA DAVIS, et al.,

        Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On September 21, 2015, Magistrate Judge Greeley issued a Report and Recommendation (R & R) in which he recommended that the Court dismiss Plaintiff's complaint for failure to exhaust. On October 2, 2015, Plaintiff filed objections to the R & R.[1] Having conducted a *de novo* review of the R & R, Plaintiff's objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

The magistrate judge concluded that Plaintiff failed to exhaust his administrative remedies because he did not appeal the relevant grievances through Step III of the grievance process. Plaintiff's objections include a number of arguments that are not relevant to the magistrate judge's conclusion. Plaintiff's only relevant objection is that he has grievance responses at Step III dated in November 2014, and that those responses contradict the reasoning behind the magistrate judge's conclusion. Plaintiff's argument is neither clear nor fleshed out, but the Court interprets it to mean that Plaintiff received responses at Step III in November 2014.

As an initial matter, Plaintiff could not have received a Step III response in November 2014

---

[1] The document Plaintiff filed is titled "Notice of Appeal Objecting Magistrate Report and Recommendations," and states both that it is an objection to the R & R and that it is an appeal to the Sixth Circuit of a final judgment.

that applied to the December 2014 incident. To the extent that Plaintiff argues that he exhausted remedies pertaining to the September 2014 incident, he has failed to provide any evidence to support such argument. Although Plaintiff filed a Step III grievance in November 2014, his own evidence indicates he had not received a Step III response before he filed his complaint on December 19, 2014. Moreover, the fact that several of Plaintiff's earlier Step III grievances remained unanswered did not provide a basis for him to file his complaint without receiving a Step III response. When Plaintiff filed his complaint, it had been less than 90 days since he had filed his original Step I grievance. The Michigan Department of Corrections (MDOC) policy provides that the total grievance process from filing a Step I grievance to providing a Step III response shall be completed within 120 calendar days. MDOC Policy 03.02.130 ¶S. Thus, there was still time remaining for the MDOC to address Plaintiff's Step III grievance, and Plaintiff could not file a complaint before receiving such response or letting the time lapse for receiving such response.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge filed September 21, 2015 (dkt. #31), is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (dkt. #19) is **GRANTED**. Plaintiff's claims are **DISMISSED without prejudice**.

This case is concluded.


Dated: November 3, 2015                           /s/ Gordon J. Quist
                                                                                    GORDON J. QUIST
                                                                                  UNITED STATES DISTRICT JUDGE